[No. 624.  Decided December 30, 1892.]

JOSEPH L. DILLON, *Appellant*, v. ROBERT N. FOLSOM AND HELENA A. FOLSOM, *Respondents*.

ACTION FOR COMMISSION — EVIDENCE — WEIGHT OF TESTIMONY —
UNWARRANTED VERDICT — HARMLESS ERROR.

In an action to recover commissions for the sale of real estate, defendants may, under the general issue, show that plaintiff was in the employ of the purchasers, and receiving compensation from them, for the purpose of discrediting his testimony as to the making of the contract upon which suit was brought.

Where there is a conflict in the testimony the verdict of the jury will not be disturbed, although, in the opinion of the court, a preponderance of the testimony may be on the other side.

In an action against a husband and wife to recover real estate commissions, in which a judgment of non-suit had been rendered in favor of the wife, a verdict for both defendants is harmless error where plaintiff is not deprived of any substantial right, and has failed to except to the verdict when rendered.

*Appeal from Superior Court, Snohomish County.*

*Ault & Munns*, for appellant.

*Frater & Coleman*, for respondents.

The opinion of the court was delivered by

HOYT, J.—This was an action brought by plaintiff to recover of the defendants an amount alleged to be due him as commission upon the sale of certain real estate.   Three principal errors are alleged as grounds for reversal: (1)

That the court erred in its rulings in the admission of testimony; (2) that the verdict was not supported by the evidence; and (3) that the verdict rendered by the jury was in favor of both of the defendants, when a motion for nonsuit had been granted before the rendition of such verdict in behalf of one of them.

Under the first subdivision, it is claimed that it was error on the part of the court to allow certain questions to be asked the plaintiff, by way of cross examination, and that it likewise erred in allowing questions upon the same subject to be put to defendant Folsom. These two exceptions present substantially the same questions, hence it is only necessary to discuss one of them. The court required the plaintiff to answer, by way of cross examination, as to whether or not he was employed by Hiles and Burhans at the time he cruised Folsom's place. Appellant alleges that this was error, for the reason that the answer did not set up by way of defense the fact that plaintiff, at the time he made the sale, received compensation for his services in connection with such sale from the purchasers. We think, however, that under the general issue, the defendants were entitled to show any circumstances which would tend to throw discredit upon plaintiff's testimony in relation to the making of the contract upon which the suit was brought, and that the circumstance that at the time said alleged contract was made he was in the employ of the purchasers, and receiving compensation from them, would have such a tendency. The allowance of such cross examination was clearly within the proper discretion of the trial court.

Upon the second question it is argued that, taking all the testimony together, there was such a clear preponderance in favor of the contention of the plaintiff that a verdict in favor of the defendants should not be allowed to stand. An examination of the record satisfies us that there was a substantial conflict in the testimony upon the main

issue, and this being the case the verdict must stand.  If this court should set aside verdicts upon the ground that in its opinion a preponderance of the testimony was in favor of the other side of the issue presented to the jury, there would be little use in jury trials.  All this court will do in any case is to investigate the record so far as is necessary to see whether or not there was substantial testimony to support all the issues necessary to be found by the jury, and if such is contained in the record the verdict will not be set aside for the reason that in its opinion there was a greater amount of testimony on the other side.

As to the third question: The returning of the verdict in favor of both of the defendants after one of them had had a judgment of non-suit rendered in her favor was technical error; but at the time such verdict was rendered, no objection or exception was taken thereto by the plaintiff. And such being the case the judgment rendered on such verdict will not be disturbed unless the plaintiff was deprived of substantial rights by reason thereof.  We are unable to see that this mistake in the verdict could have deprived the plaintiff of any substantial right.  It is true that a judgment rendered upon such verdict might possibly be held to be a bar to another action as against such defendant when one rendered upon the non-suit would not, but under the peculiar circumstances of this case it is evident that if an action could not be maintained against the husband and wife, it could not be maintained against the wife alone.  Hence it follows that if the action against the husband was barred, there would be no substantial right left to the plaintiff as against the wife.

. As we view the record it presents no error of sufficient gravity to warrant us in reversing the judgment.  It must, therefore, be affirmed.

ANDERS, C. J., and SCOTT, DUNBAR and STILES, JJ., concur.